UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAVIS DISCOUNT TIRE, INC., MAVIS
TIRE SUPPLY LLC,

      Plaintiffs,

 v.

FEDERAL INSURANCE COMPANY,
MAIN STREET AMERICA ASSURANCE
COMPANY, CHUBB INSURANCE
COMPANY OF NEW JERSEY,

      Defendants.

No. 23-CV-4815 (KMK)

OPINION AND ORDER

---

Appearances:

Marshall Todd Potashner, Esq.
William H. Trizano, Esq.
Jaffe & Asher
White Plains, NY
*Counsel for Plaintiffs*

Andrew Salvatore Paliotta, Esq.
Melissa F. Brill, Esq.
Cozen O'Connor
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

  Mavis Discount Tire, Inc. ("Mavis Discount"), and Mavis Tire Supply LLC ("Mavis Tire"), (collectively "Plaintiffs" or "Mavis") bring this Action against Federal Insurance Company ("FIC"), Main Street American Assurance Company ("Main Street"), and Chubb Insurance Company of New Jersey ("Chubb"), (collectively "Defendants"), seeking, inter alia, a declaratory judgment that Plaintiffs qualify as an additional insured under policies issued by Main Street and FIC for purposes of claims alleged in an underlying state action. (*See generally*

Compl. (Dkt. No. 1-1).)  Before the Court is Plaintiffs' Motion to Dismiss (the "Motion") Main Street's counterclaim and request for attorneys' fees in connection with this Motion.  (*See* Not. of Mot. (Dkt. No. 22).)  For the following reasons, the Motion is granted in part and denied in part.

## I.  Background

### A.  Factual Background

On or about April 27, 2021, Denise Montana ("Montana") commenced an action entitled *Montana v. Mavis Discount Tire, Inc., et al.*, No. 55476/2021, in the Supreme Court of the State of New York, County of Westchester.  (Compl. ¶ 9.)  In the underlying action, Montana alleges that she was walking through a snowy/icy parking lot at 44 Route 22, Pawling, New York (the "Premises") on February 13, 2021, when she was caused to be injured by the negligence, carelessness, and recklessness of Rhinebeck Realty, LLC ("Rhinebeck"), the owner and lessor of the Premises, and Mavis Discount and Mavis Tire, the lessees of the Premises, and/or their respective agents, servants, and employees.  (*Id.* at ¶ 10.)  On or about August 17, 2021, Mavis Discount and Mavis Tire impleaded Nest International, Inc. ("Nest") into the underlying action, alleging that they contracted with Nest to remove snow and ice from the Premises.  (Compl. ¶ 12.)  On or about February 9, 2022, Nest impleaded Walter Landscaping & Tree Service LLC, Walter Landscaping and Construction Service, Walter Landscaping Construction & Tree Service, and Walter I Recinos Portillo d/b/a Walter Landscaping (collectively "Walter") into the underlying action.  (*Id.* at ¶ 14.)  Nest alleged it subcontracted with Walter to perform snow and ice removal at the Premises, and alleged causes of action sounding in contribution, common law indemnification, contractual indemnification, and breach of contract for failure to procure insurance against Walter.  (*Id.* at ¶ 15.)  Walter, in compliance with its subcontract, obtained a

general liability policy from Main Street that was in effect on February 12, 2021.  Mavis has sought coverage as an additional insured under Main Street's general liability policy.  (*Id.* at ¶ 29.)  Main Street filed a counterclaim against Mavis, alleging that if Main Street owes coverage to Mavis as an additional insured, Main Street is entitled to recoup the monies back from Mavis due to Mavis' own responsibility with respect to the incident that is the subject of the underlying action.  (*See* Main Street Answer (Dkt. No. 15).)

### B.  Procedural History

On April 26, 2023, Plaintiffs commenced the instant Action by filing their Complaint in the Supreme Court of the State of New York, County of Westchester.  (*See* Compl.)  The Action was removed to this Court on June 7, 2023.  (*See* Dkt. No. 1.)  On July 20, 2023, Defendant Main Street filed its Answer with a counterclaim against Plaintiffs.  (*See* Main Street Answer.)  Plaintiffs filed a pre-motion letter regarding a motion to dismiss Main Street's counterclaim, (*see* Dkt. No. 17), which Main Street responded to on July 25, 2023, (*see* Dkt. No. 18).  On September 13, 2023, the Court held a pre-motion conference, during which it set a briefing schedule.  (*See* Dkt. (Minute Entry Dated 9/13/2023).)  Plaintiffs filed the instant Motion to Dismiss on October 20, 2023.  (*See* Not. of Mot.; Pls.' Mem. of Law in Supp. of Mot. to Dismiss ("Pls.' Mem.") (Dkt. No. 24).)  Main Street filed its Response on November 17, 2023.  (*See* Main Street's Mem. of Law in Opp. to Pls.' Mot. to Dismiss ("Main Street Opp.") (Dkt. No. 26).)  Plaintiffs filed their Reply on December 1, 2023.  (*See* Pls.' Reply Mem. of Law in Supp. of Mot. to Dismiss ("Pls.' Reply Mem.") (Dkt. No. 27).)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570.  However, if a plaintiff has not "nudged [its] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

4

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Plaintiffs move to dismiss Main Street's counterclaim for contribution/indemnification, arguing that the claim is barred by the anti-subrogation rule.  (*See* Pls.' Mem. 3–7.)  In addition, Plaintiffs seek attorneys' fees in connection with filing this Motion.  (*See id.* at 8–9.)  The Court addresses each issue in turn.

1.  Anti-Subrogation

"Under New York law, the equitable doctrine of subrogation 'entitles an insurer to stand in the shoes of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse.'" *W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.*, No. 20-CV-3199, 2023 WL 7183899, at *6 (S.D.N.Y. Nov. 1, 2023) (quoting *N. Star Reins. Corp. v. Cont'l Ins. Co.*, 624 N.E.2d 647, 653 (N.Y. 1993)).  "An insurer, however, has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered." *Id.* (quoting *N. Star Reins. Corp.*, 624 N.E.2d at 653).

5

"The 'essential element of the anti[-]subrogation rule is that the party to which the insurer seeks to subrogate is covered by the relevant insurance policy.'" *Id.* (quoting *Millennium Holdings LLC v. Glidden, Co.*, 53 N.E.3d 723, 729 (N.Y. 2016)).

Here, the Court concludes that the anti-subrogation rule must apply. Although the Court cannot decide at this stage whether Mavis is an additional insured of Main Street, which is critical to determining whether subrogation may occur, Main Street's counterclaim is dependent on finding that Mavis is its additional insured. Specifically, Main Street's counterclaim states:

> *if Plaintiffs recover a judgment against Defendant[] MAIN STREET . . .*, Defendant MAIN STREET will have a claim over against Plaintiffs, MAVIS DISCOUNT TIRE, INC. and MAVIS TIRE SUPPLY LLC, for all or a portion of any judgment recovered against MAIN STREET to the extent permitted by law plus interest, costs and disbursements, and attorney's fees where allowable.

(*See* Main Street Answer 9 (emphasis added).) In other words, the only way Main Street's counterclaim survives against Plaintiffs is if Plaintiffs recover a judgment from Main Street and the only way Plaintiffs can recover a judgment against Main Street is if the Court determines that Plaintiffs are an additional insured of Main Street. However, if the Court concludes that Plaintiffs are an additional insured of Main Street, then the anti-subrogation rule will be triggered, barring Main Street's counterclaim. *See Zurich Am. Ins. Co. v. Certain Underwriters at Lloyd's of London*, 627 F. Supp. 3d 325, 328 (S.D.N.Y. 2022) ("Under New York law, the anti-subrogation rule provides that that an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered." (alterations adopted) (internal quotation marks and citation omitted)), *aff'd*, No. 22-2697, 2023 WL 8594052 (2d Cir. Dec. 12,

6

2023) (summary order); *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F. Supp. 3d 576, 581 (S.D.N.Y. 2014) (same).[1]

Accordingly, the Court concludes that Main Street's counterclaim is not viable regardless of whether Mavis is determined to be Main Street's additional insured. Therefore, Main Street's counterclaim is dismissed.

### 2. Attorneys' Fees

As a general matter, courts applying New York law have recognized "a narrow exception to the general American rule that a prevailing party cannot recover attorneys' fees." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 110 (2d Cir. 2004) (internal quotation marks omitted). The exception allows recovery of attorneys' fees when an insured "has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself

---

[1] The Court notes that, in its Opposition, Main Street cites to *Allied World Surplus Lines Insurance Co. v. Hoffman International, Inc.*, No. 19-CV-7073, 2020 WL 4925618 (S.D.N.Y. Aug. 21, 2020) in support of its argument that the anti-subrogation rule has not been triggered here. In *Allied World*, an insurer brought an action against its insured, seeking contribution or indemnity from the insured, due to the insured's negligence, if the insurer was found liable in an underlying action. *See* 2020 WL 4925618, at *2. There, the Court denied the defendants' motion to dismiss, holding that at that stage of the litigation, the anti-subrogation doctrine did not preclude the action. *See id.* at *4. Specifically, there the court stated that "[t]he anti-subrogation rule is typically raised where an insurer seeks contribution or indemnification from its own insured, thus creating the very conflict of interest that the rule seeks to limit." *Id.* (citing *Millennium Holdings LLC*, 53 N.E.3d at 729). However, the court noted that the insured did "not seek to apply the anti-subrogation rule in [that] manner." *Id.* Rather, the insured "maintain[ed] that the anti-subrogation rule should bar [the insurer] from seeking indemnification or contribution from [the insured] because [the insurer could] assert the same claims and defenses . . . in the underlying action. . . . In short, [the insured] argue[d] that [the] third-party action [was] superfluous." *Id.* As such, the court concluded that applying the anti-subrogation rule at that stage was not appropriate. *Id.* Here, on the other hand, Plaintiffs do not rely on such reasoning. Rather, Mavis strictly argues that the anti-subrogation rule applies in this Action because Main Street, its alleged insurer, seeks contribution or indemnification from Mavis, thus, creating a conflict of interest—the exact reason that the *Allied World* court stated this rule should apply. *Id.* Accordingly, Mavis' argument for applying the anti-subrogation rule is different from the insured's argument in *Allied World*, and thus, Main Street's reliance on *Allied World* is inapposite.

from its policy obligations." *Mighty Midgets, Inc. v. Centennial Insurance Co.*, 389 N.E.2d 1080, 1085 (1979); *see also Houston Cas. Co. v. Prosight Specialty Ins. Co.*, 462 F. Supp. 3d 443, 450 (S.D.N.Y. 2020) (same). "The reasoning behind [this rule] is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597–98 (2004).

Here, the Court acknowledges that Plaintiff may be entitled to attorneys' fees, even though Plaintiffs filed the declaratory judgment Action to determine Main Street's duty to defend. *See Houston Cas. Co.*, 462 F. Supp. 3d at 451–52 (holding that because "an insured's fee recovery in these circumstances is not so much an exception to the American rule that litigants pay their own fees and expenses, as it is a right that arises from the contractual duty to defend," some "court[s] may look beyond the labels plaintiff and defendant to determine whether an insured is in an offensive or defensive position vis à vis its insurer in a dispute over the duty to defend (and indemnify)" (alteration adopted) (internal quotation marks and citations omitted)). However, at this stage, the Court has not yet determined Plaintiffs' claims, including whether Plaintiffs are an additional insured of Main Street, which may impact Plaintiffs broader entitlement to attorneys' fees. Therefore, the Court concludes that Plaintiffs' attorneys' fees Motion is premature and denies it without prejudice. Plaintiffs may refile this Motion along with any other potential attorneys' fees motion following the resolution of Plaintiffs claims.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss is granted with respect to Main Street's counterclaim. Plaintiffs' request for attorneys' fees is denied without prejudice. The

Clerk of Court is respectfully requested to terminate the pending Motion, (Dkt. No. 22). The Court will hold a telephonic status conference on October 8, 2024, at 12:00PM.

SO ORDERED.

Dated: September 9, 2024
       White Plains, New York

                                        KENNETH M. KARAS
                                     United States District Judge